## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

GREGORY DEATRICK BEARD,

      Petitioner,

v.                                                    Case No. 1:23-cv-256-AW/MJF

STATE OF FLORIDA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Petitioner failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On October 27, 2023, the undersigned ordered Petitioner to file a properly completed motion for leave to proceed *in forma pauperis* or pay the filing fee. Doc. 3. The undersigned explained that a complete application for leave to proceed *in forma pauperis* required (1) a motion with supporting affidavit, (2) a prisoner consent form and financial certificate, and (3) a copy of Petitioner's trust fund account statement showing all of the transactions in Petitioner's inmate trust account for

the six-month period immediately preceding the commencement of this suit. *Id.* at 2. The undersigned imposed a deadline of November 27, 2023, to comply and warned Petitioner that the failure to comply with the order likely would result in dismissal of this action. *Id.* Petitioner did not comply with that order.

On December 12, 2023, the undersigned ordered Petitioner to explain and show cause why he failed to comply with the undersigned's order of October 27, 2023. Doc. 5. The undersigned imposed a deadline of January 4, 2024, and again warned Petitioner that the failure to comply likely would result in dismissal of this action. *Id.*

On December 26, 2023, Petitioner filed a motion for leave to proceed *in forma pauperis*. Doc. 7. He did not, however, explain why he was unable to comply with the undersigned's order of October 27, 2023. On January 11, 2024, the undersigned denied the motion without prejudice because Petitioner's prisoner consent form and financial certificate was not signed by an authorized prison official and because Petitioner failed to attach a copy of his inmate trust account statement. Doc. 8.

On February 1, 2024, Petitioner filed a second motion for leave to proceed *in forma pauperis*. Doc. 10. Petitioner did not correct the

deficiencies identified in the undersigned order of January 11, 2024, and consequently, the undersigned denied Petitioner's motion. Doc. 12.

As of the date of this report and recommendation, Plaintiff has not submitted a properly completed motion for leave to proceed *in forma pauperis* and has not shown good cause for his failure.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 41(b). Here, Petitioner has not shown good cause, and he has offered no excuse for his failure to prosecute his claim. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Petitioner failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>2nd</u> day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**